DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentencing judgment of the Huron County Common Pleas Court. On November 18, 2005, the Huron County Grand Jury issued a 19 count indictment against appellant including corrupt activity, bribery, evidence tampering, money laundering and theft.
 {¶ 2} On May 8, 2006, appellant entered a negotiated plea to 13 of the counts with the remaining six dismissed. On June 27, 2006, the trial court sentenced appellant to *Page 2 
concurrent terms of incarceration totaling eight years. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 3} Appellant, Anthony Quebodeaux, sets forth the following single assignment of error:
 {¶ 4} "Trial court error to the prejudice, when the court sentenced the appellant to the maximum sentence pursuant to R.C. 2929.12 without placing on the record reasons for departing from such statutory requirement of R.C. 2929.14(B)(1)(2)(c)."
 {¶ 5} The following undisputed facts are relevant to the issue raised on appeal. In November 2005, appellant was indicted on 19 felony counts. On May 8, 2006, appellant pled guilty to 13 of the charges with the remainder dismissed. A presentence investigation was performed. On June 27, 2006, appellant was sentenced to concurrent terms of incarceration, totaling an eight year term of imprisonment.
 {¶ 6} On October 15, 2007, appellant filed a motion requesting that the court issue a nunc pro tunc judgment asserting that his sentence was in violation of Ohio's sentencing statutes. On November 8, 2007, the court found appellant's sentence was lawful and denied the motion for nunc pro tunc. Appellant filed a timely notice of appeal.
 {¶ 7} In his sole assignment of error, appellant asserts that the trial court erred in sentencing him pursuant to R.C. 2929.12 without making the statutory sentencing findings formerly mandated by R.C.2929.14 (B). We need not belabor our analysis of appellant'spre-Foster argument. In February 2006, the Supreme Court of Ohio issued a *Page 3 
landmark decision of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The Foster decision declared certain Ohio's sentencing statutes, including R.C. 2929.14 (B), unconstitutional. These unconstitutional statutes were severed from Ohio's statutory sentencing scheme. As such, the formerly mandated statutory findings in the course of sentencing pursuant to these statutes are no longer required.
 {¶ 8} Appellant was sentenced on June 27, 2006, four months following the Foster decision. Accordingly, the trial court properly sentenced appellant, pursuant to R.C. 2929.12, which was not impacted byFoster. The trial court properly sentenced appellant without referencing R.C. 2929.14 (B) which was severed and declared unconstitutional byFoster prior to appellant's sentencing hearing. The trial court did not err in denying appellant's motion. Appellant's assignment of error is found not well-taken.
 {¶ 9} On consideration whereof, the judgment of the Huron County Common Pleas Court is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation for the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 4 
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1